UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RANDY'S TOWING, LLC.

     Plaintiff,

v.

City of Tawas, et. al.,

     Defendant(s).

Case No. 25-cv-13218

Honorable Robert J. White

---

**ORDER DIRECTING SUPPLEMENTAL BRIEFING**

---

In October of 2025, Plaintiff Randy's Towing, LLC filed an eight-count complaint against Defendants City of Tawas, Tawas City Police Department (TCPD), and the TCPD Chief, Matthew Klosowski-Lorenz. ECF No. 1. But the only Defendant relevant to this order is Klosowski-Lorenz. Only one count has been alleged against him: a state law claim for tortious interference with business or expectancy. *Id.* at PageID.28. Plaintiff alleges that Klosowski-Lorenz, in his capacity as chief, went to local business, insurance companies, public meetings or gatherings, to discuss wrecker services and actively instructed the public not to use Plaintiff's services. *Id.* at PageID.12–13

In early January of 2026, Defendant Klosowski-Lorenz filed a motion to dismiss the one count alleged against him claiming both absolute immunity, under Mich. Comp. Laws § 691.1407(5), and the individual immunity for governmental actors accused of intentional torts under Michigan common law, *see Odom v. Wayne Cnty.*, 482 Mich. 459, 472–76 (2008).

Relevant to both types of immunity is whether Klosowski-Lorenz was acting within the scope of his authority as chief. As proof, he attached an exhibit to his reply brief in his motion to dismiss. *See* ECF No. 15-2. However, because of the procedural posture on a motion to dismiss, the Court can only view these materials outside the record if one of two exceptions is met. One of those exceptions is the taking of judicial notice of public records. *Blackwell v. Nocerini*, 123 F.4th 479, 487 (6th Cir. 2024). While this exception does not allow a court to treat all information in the document as true, it does allow a court to conclude that the document exists and take judicial notice of facts that "are not subject to reasonable dispute." *Id.* (quoting *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005)).

Because the Court is unable to determine if the document that Klosowski-Lorenz is a public record or not, the Court is directing supplemental briefing. The Defendant is required within seven (7) days of this order to address the following questions:

1. What is the legal source that defines the scope of Klosowski-Lorenz's authority in his capacity as TCPD Chief (*e.g.*, municipal ordinance, statute, or other legal provision)? Provide a copy of the source(s).

2. Whether the attached exhibit, ECF No. 15-2, is a public record? Provide supporting legal authority in response.

Accordingly, it is **ORDERED** that Defendant Klosowski-Lorenz is **DIRECTED** to file supplemental briefing addressing the above-outlined questions within seven (7) days of this Order. There will be no response briefing unless further directed by the Court.

Further, it is **ORDERED** that the Defendant's briefing may be no longer than five (5) pages.

Dated: July 10, 2026

s/ Robert J. White
Robert J. White
United States District Judge

- 3 -